Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9500
Facsimile: +1 310 595 9501

Stacy Horth-Neubert (SBN 214565)
shorthneubert@sidley.com
Marissa X. Hernandez (SBN 341449)
marissa.hernandez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

*Attorneys for Defendant Grubhub Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WANG, MARILEE BOGAERT, AARON ASELTINE, ROBERT ALLAN PERKINS, JR., CARISSA RECCO, and CHRISTINE BAK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRUBHUB INC., and DOES 1- 50, inclusive,<br><br>Defendant. | Case No. 3:23-cv-00223<br><br>**DEFENDANT GRUBHUB INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>State Action Filed:   November 28, 2022<br>State Action Served: December 19, 2022 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant GRUBHUB INC. ("Grubhub" or "Defendant") hereby removes to this Court the above-styled action, pending as Case No. 22CV022626 in the Superior Court of California for the County of Alameda (the "Action"). As grounds for removal, Grubhub states as follows:

## PRELIMINARY STATEMENT

1. On November 28, 2022, Plaintiffs Charles Wang, Marilee Bogaert, Aaron Aseltine, Robert Allan Perkins, Jr., Carissa Recco, and Christine Bak filed the Action in the Superior Court of California for the County of Alameda. The Complaint claims that "Grubhub imposes hidden delivery charges on its users" by charging a "Service Fee" and by "secretly mark[ing] up food prices for delivery orders only by 15-20%." Complaint ¶¶ 3-5. Plaintiffs assert claims for: (1) violation of California's Unfair Competition Law; (2) violation of California's Consumer Legal Remedies Act ("CLRA"); and (3) violation of California's False Advertising Law. *Id.* at ¶¶ 112-143. Plaintiffs' Complaint asserts claims on behalf of themselves and "[a]ll consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Grubhub mobile app or website, and were assessed higher delivery charges than represented." *Id.* at ¶ 102.

2. This Action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA"), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453. This Action (i) seeks relief on behalf of a purported class of persons; (ii) in which at least one member is a citizen of a state different from that of Defendant; (iii) the number of affected people is not less than 100; and (iv) the amount allegedly in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

3. Grubhub generally denies the allegations made by Plaintiffs, disputes the claims asserted by Plaintiffs, and disputes that Plaintiffs are entitled to any relief on an individual or class-wide

basis. Grubhub discusses the allegations and claims made by Plaintiffs herein solely to demonstrate the propriety of removal.

## CAFA ELEMENTS

4. CAFA provides for original federal jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

5. <u>Covered Class Action.</u> A case satisfies CAFA's class action requirement if it is "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action satisfies this definition, as Plaintiffs' suit is brought "on behalf of themselves and a Class of similarly situated persons," including those who "ordered food delivery through the Grubhub mobile app or website, and were assessed higher delivery charges than represented." Compl. ¶ 102. The Complaint itself is also styled as a "Class Action Complaint," and contains an entire section devoted to "Class Allegations." *Id.* at 102-111.

6. <u>Diversity</u>. The diversity requirement of § 1332(d) is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."

    a. The citizenship of a corporation for purposes of determining diversity jurisdiction is based on the place of incorporation and the principal place of business. 28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009). Here, this requirement is met as there is complete diversity of citizenship between named Plaintiffs and Grubhub. Grubhub is a corporation organized and existing under the laws of Delaware with its principal place of business in Chicago, Illinois. Compl. ¶ 20. Accordingly, Grubhub is a citizen of Delaware and Illinois.

    b. Plaintiffs are all citizens of the State of California. Plaintiffs Charles Wang and Marilee Bogaert reside in the city of Oakland, County of Alameda, State of California, State of California. *Id.* at ¶¶ 14-15. Plaintiff Aaron Aseltine resides in the city of El Cerrito, County of Contra Costa, State of California. *Id.* at ¶ 16. Plaintiff

Robert Allan Perkins, Jr. resides in the city of Modesto, County of Stanislaus, State of California. *Id*. at ¶ 17. Plaintiff Carissa Recco resides in the city of San Jose, County of Santa Clara, State of California. *Id*. at ¶ 18. Plaintiff Christine Bak resides in the city of Chino, County of San Bernardino, State of California. *Id*. at ¶ 19. All members of the class of plaintiffs are citizens of a state (California), *id.* ¶ 102, different from that of Defendant (Delaware and Illinois).

7. <u>The Proposed Class Allegedly Exceeds 100 Members</u>. Plaintiffs allege in their Complaint that the total number of class members are "well into the thousands." *Id.* at ¶ 104. It is beyond question that there are more than one hundred Grubhub customers in California alone who have ordered food delivery through the Grubhub mobile app or website. Declaration of Brian Ryu ("Ryu Decl.") ¶ 3. As discussed *infra* ¶ 8(a), Plaintiffs' Complaint seeks damages on behalf of themselves and a putative class of "[a]ll consumers in California." Compl. ¶ 102. Thus, based on Plaintiffs' own allegations, the CAFA jurisdictional requirement regarding the size of the putative class is satisfied.

8. <u>Amount in Controversy.</u> CAFA requires that the "aggregate[]" "matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (6). Removal is proper if it is demonstrated, "by a preponderance of evidence, that the aggregate amount in controversy exceeds" $5,000,000. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The amount in controversy is determined by accepting Plaintiffs' allegations as true. *See, e.g.*, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) ("[T]he amount in controversy is met by the express allegations of the plaintiff's complaint."); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

9. While Grubhub denies Plaintiffs are entitled to any of the relief sought in the Complaint, the relief that Plaintiffs seek through restitution, damages, injunctive relief, and attorneys' fees exceeds CAFA's $5,000,000 amount-in-controversy requirement.

    a. <u>Restitution</u>. Plaintiffs seek to represent "[a]ll consumers [of Defendant's delivery services] who…ordered food delivery through the Grubhub mobile app or website,

and were assessed higher delivery charges than represented," Compl. ¶ 102, and prays for "an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above." Prayer for Relief ¶ c. In 2020 alone, just one year of the limitations period, the number of delivery orders placed via the Grubhub mobile app or website by customers in California exceeded 5 million. *See* Ryu Decl. ¶ 3. Plaintiffs allege Grubhub charged a service fee with taxes that collectively "amounts to…15% of the food order amount" and that food prices were 15–20% higher than in restaurant prices. Compl. ¶¶ 3-5. Therefore, even de minimis recovery of $1 per order would exceed $5,000,000 for 2020 alone.

b. <u>Injunctive Relief.</u> Costs of compliance with an injunction are relevant in ascertaining whether the amount in controversy is satisfied. *See* 28 U.S.C. § 1332(d) (excluding only interest and costs from the aggregated amount in controversy); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Plaintiffs seek an order "enjoining Defendant from continuing to engage" in the alleged misconduct. Compl. ¶¶ 128, 141; *see also* Prayer for Relief ¶ a. An injunction would impose additional costs on Grubhub to the extent it would be required to change its terms of service or revise promotional materials and other sales-related materials.

c. <u>Attorneys' Fees.</u> Finally, Plaintiffs are seeking an award of attorneys' fees under the CLRA. Prayer for Relief ¶ f. An award of attorneys' fees, if such fees are specifically authorized by statute, may be considered for purposes of calculating the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Here, if Plaintiffs and/or the class succeeds on the CLRA claim, recovery of attorneys' fees may be statutorily authorized. *See* Cal. Civ. Code § 1780(e). A potential award of attorneys' fees further increases the amount in controversy.

For the reasons explained above, the estimated amount in controversy in the instant action (for restitution, damages, injunctive relief, and attorneys' fees) exceeds $5,000,000. This amount satisfies CAFA's $5,000,000 amount-in-controversy requirement based on the allegations in Plaintiffs' Complaint.

10. <u>No CAFA Exceptions.</u> This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Grubhub is not a citizen of California, the state in which the action originally was filed, and no other exclusion applies.

## **REMOVAL IS OTHERWISE PROCEDURALLY PROPER**

11. <u>Removal is Timely</u>. Plaintiffs served Grubhub on December 19, 2022. Lally Decl. ¶ 2. Thus, this Notice of Removal is timely, as the 30-day period for removal has not expired.

12. <u>Removal to Proper Court</u>. This Court is part of the "district and division embracing the place where" the State Court Action was filed – Alameda County, California. 28 U.S.C. § 1441(a).

13. <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446(a), attached hereto is "a copy of all process, pleadings, and orders served upon" Grubhub.

14. <u>Filing and Service</u>. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California for the County of Alameda, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d). The Superior Court of California for the County of Alameda is located within this district.

15. <u>Arbitration</u>. Grubhub reserves any and all contractual right to require arbitration of this controversy. This Notice of Removal is filed without prejudice to the exercise of such contractual right.

16. WHEREFORE, Grubhub respectfully removes this action, now pending in the Superior Court of California for the County of Alameda, to the United States District Court for the Northern District of California.

Dated: January 18, 2023

By: */s/ Amy P. Lally*
Amy P. Lally
Stacy Horth-Neubert
Marissa X. Hernandez

*Attorneys for Defendant Grubhub Inc.*