1 | Amy P. Lally (SBN 198555)
    alally@sidley.com
2 | SIDLEY AUSTIN LLP
    1999 Avenue of the Stars, 17th Floor
3 | Los Angeles, CA 90067
    Telephone: +1 310 595 9662
4 | Facsimile: +1 310 595 9501

5 | Stacy Horth-Neubert (SBN 214565)
    shorthneubert@sidley.com
6 | Marissa X. Hernandez (SBN 341449)
    marissa.hernandez@sidley.com
7 | SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
8 | Los Angeles, CA 90013
    Telephone: +1 213 896 600
9 | Facsimile: +1 213 896 6600

*Attorneys for Defendant Grubhub Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WANG, MARILEE BOGAERT, AARON ASELTINE, ROBERT ALLAN PERKINS, JR., CARISSA RECCO, and CHRISTINE BAK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRUBHUB INC., and DOES 1- 50, inclusive,<br><br>Defendant. | Case No. 3:23-cv-00223-TLT<br><br>**DEFENDANT GRUBHUB INC.'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**<br><br>Assigned to:   Honorable Trina L. Thompson<br><br>State Action Filed:   November 28, 2022<br>State Action Served:   December 19, 2022 |

1   TO THE CLERK OF THE ABOVE ENTITLED COURT AND ALL PARTIES:

2   Pursuant to Local Rule 3-13, Defendant Grubhub Inc. ("Grubhub") hereby submits this
3   Notice of Pendency of Other Actions or Proceedings to give notice that the above-captioned matter
4   ("*Wang*") involves exactly the same subject and substantially all of the same parties as another
5   action stayed in the Central District of California (*Denise Sznitko v. Grubhub Inc.*, Honorable Judge
6   Percy Anderson). *Wang* also involves exactly the same putative class, same defendant, the same
7   counsel for the plaintiffs and defendant, substantially identical allegations and identical causes of
8   action as *Sznitko*. However, the two actions should not be coordinated because the court in *Sznitko*
9   granted Grubhub's motion to compel arbitration of *Sznitko's* causes of action and stayed the case
10  pending arbitration, and therefore there is no pretrial procedure to be coordinated.

11  Separately, *Wang* also involves the same defendant, the same counsel for plaintiffs and
12  defendant, and substantially similar causes of action arising from substantially similar factual
13  allegations as another action presently stayed in the Northern District of California, *Jesse Stout v.*
14  *Grubhub Inc.*, Hon. Edward M. Chen. In *Stout,* Judge Chen granted Grubhub's motion to compel
15  arbitration of *Stout's* causes of action and stayed the case pending arbitration. Grubhub intends to
16  file a motion to compel arbitration in *Wang,* as it did in *Stout*. For all of these reasons, *Wang* is
17  related to *Stout*, and it would avoid the risk of conflicting results, conserve resources and promote an
18  efficient determination if *Wang* is transferred to Judge Chen. However, because the causes of action
19  in *Stout* have been compelled to arbitration, there is no pretrial procedure to be coordinated with
20  *Wang.*

21  Grubhub reserves all rights to coordinate *Wang* with any of the above-mentioned matters at a
22  later date should any of the circumstances change.

23  **<u>Sznitko v. Grubhub Inc.</u>**

24  An action entitled *Denise Sznitko v. Grubhub Inc.*, Case No. 2:22-cv-07318 ("*Sznitko*") is
25  presently stayed in the Central District of California, the Honorable Judge Percy Anderson presiding.
26  Sznitko filed her initial putative class action complaint in the Los Angeles Superior Court, Case No.
27  22STCV28148, on August 29, 2022 ("Sznitko Complaint"). A true and correct copy of the Sznitko
28  Complaint is attached hereto as **Exhibit A**. This case was subsequently removed to the Central

District of California pursuant to 28 U.S.C. § 1441.

The Sznitko Complaint asserted claims under the Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), and False Advertising Law ("FAL"), and sought injunctive relief, declaratory relief, disgorgement, restitution, compensatory and punitive damages, attorneys' fees and costs, and pre-judgment interest. The putative class in *Sznitko* was defined to include all California consumers who "ordered food delivery through the Grubhub mobile app or website, and were assessed higher delivery charges than represented." Ex. A ¶ 68.

Judge Anderson granted Grubhub's Motion to Compel Arbitration on November 17, 2022, staying Sznitko's demand for public injunctive relief pending resolution of the arbitration proceedings. Sznitko has not yet filed a related Demand for Arbitration.

Relation to the Above-Captioned Matter

*Sznitko* and the current action, *Wang*, involve exactly the same subject matter. The complaints are substantively identical, seeking the same relief for the same alleged actions by Grubhub. In both cases, the plaintiffs assert claims under the UCL, CLRA, and FAL. Further, Sznitko and Wang purport to seek relief on behalf of the same putative class of California consumers who ordered food delivered through Grubhub's mobile application or website. Defendant Grubhub expressly denies the allegations and denies that the plaintiffs' claims – in either case – are proper.

Grubhub, the defendant in *Wang*, is also the defendant in *Sznitko*. Both the plaintiffs and the defendant are represented by the same counsel in *Sznitko* and *Wang*.

*Sznitko* Is Related But Should Not Be Coordinated

Regardless of the overlap described above, the present action, *Wang*, should not be coordinated with *Sznitko* because the claims in *Sznitko* have been compelled to arbitration. Therefore, there is no pretrial proceeding to be coordinated between *Sznitko* and *Wang*. Accordingly, the coordination of *Sznitko* and the above-captioned case would be an inefficient use of judicial resources.

**<u>Stout v. Grubhub Inc.</u>**

An action entitled *Jesse Stout v. Grubhub Inc.*, Case No. 3:21-cv-04745 ("*Stout*"). is currently stayed in the Northern District of California before the Honorable Edward M. Chen.

Stout's initial putative class action complaint was filed in the San Francisco Superior Court, Case No. CGC-21-591204 on May 3, 2021 ("Stout Complaint"). *Stout* was subsequently removed to the Northern District of California pursuant to 28 U.S.C. § 1441. On September 2, 2021, Stout filed an amended complaint dropping his class allegations, and instead, asserting claims only on behalf of himself as a Grubhub+ subscriber who paid a CA Driver Benefits Fee, alleging that the CA Driver Benefit Fee was a disguised delivery fee. *Stout* asserted claims for violation of UCL, CLRA, and FAL, and unjust enrichment (the "Stout FAC"). A true and correct copy of the Stout FAC is attached hereto as **Exhibit B**.

On December 3, 2021, Judge Chen granted in part and denied in part Grubhub's Motion to Compel Arbitration, compelling arbitration as to the underlying causes of action and request for private injunctive relief, and staying *Stout's* demand for purported public injunctive relief pending arbitration. On December 14, 2021, Stout filed a Demand for Arbitration with the AAA pursuant to the Consumer Arbitration Rules, AAA No. 01-21-0017-8705, attaching the Stout FAC as his statement of claims.

<u>Relation to the Above-Captioned Matter</u>

*Stout* and *Wang* involve materially overlapping subject matter. The complaints seek the same relief arising from similar factual allegations against the same defendant, Grubhub. In both cases, plaintiffs assert claims under the UCL, CLRA, and FAL. Both the plaintiffs and the defendant in *Stout* and *Wang* are represented by the same counsel in each action. Moreover, as in *Stout*, Grubhub will move to compel arbitration of Wang's claims.

<u>*Stout* Is Related But Should Not Be Coordinated</u>

Regardless of the overlap described above, this present action, *Wang*, should not be coordinated with *Stout* because the claims in *Stout* have been compelled to arbitration. Therefore, there is no pretrial proceeding to be coordinated between *Stout* and *Wang.* However, this action, *Wang*, is related to *Stout*, and it would avoid the risk of conflicting ruling, conserve resources and promote an efficient determination if *Wang* is transferred to Judge Chen.

Dated: February 7, 2023

Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/ Amy Lally*
    Amy P. Lally
    Stacy Horth-Neubert
    Marissa X. Hernandez

*Attorneys for Defendant Grubhub Inc.*