Jeffrey D. Kaliel (SBN 238293)
*jkaliel@kalielpllc.com*
**KALIELGOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783

Sophia Goren Gold (SBN 307971)
*sgold@kalielgold.com*
**KALIELGOLD PLLC**
950 Gilman Street, Ste. 200
Berkeley, CA 94710
Tel: (202) 350-4783

*Attorneys for Plaintiffs Charles Wang, Marilee Bogaert, Aaron Aseltine, Robert Allan Perkins Jr., Carissa Recco, Christine Bak, and the proposed class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WANG, MARILEE BOGAERT, AARON ASELTINE, ROBERT ALLAN PERKINS, JR., CARISSA RECCO, and CHRISTINE BAK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB INC., and DOES 1- 50, inclusive,<br><br>Defendant. | Case No. 3:23-cv-00223-TLT<br><br>**OPPOSITION TO DEFENDANT GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**<br><br>**Assigned to: Honorable Trina L. Thompson**<br><br>**Hearing Date: June 13, 2023**<br>**Time: 2:00 p.m.**<br>**Location: San Francisco Courthouse**<br>　　　　　**Courtroom 9, 19th Floor**<br>　　　　　**450 Golden Gate Avenue**<br>　　　　　**San Francisco, CA 94102** |

1

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

    A. Grubhub Insidiously Charges Consumers Hidden Delivery Fees on Delivery Orders ................................................................................................................. 1

    B. It Is Undisputed That Grubhub's January 2020 TOU Govern Plaintiff Bogaert's Claims ................................................................................................................ 2

    C. A California Court Has Already Held Grubhub's January 2020 TOU Arbitration Provision Violates *McGill* in a Nearly Identical Case Brought Against Defendant ...... 2

III. DEFENDANT'S MOTION TO COMPEL PLAINTIFF BOGAERT'S CLAIMS TO ARBITRATION MUST BE DENIED ............................................................................ 4

    A. Grubhub's Arbitration Provision in the January 2020 TOU Improperly Deprives Consumers of the right to Seek Public Injunctive Relief in Any Forum and is Therefore Unenforceable Under *McGill* ............................................................. 5

        1. Background: *McGill* Prohibits Waivers of the Right to Seek Public Injunctive Relief in Any Forum ....................................................................................... 5

        2. Grubhub's January 2020 TOU Arbitration Provision is Unenforceable Under *McGill* ............................................................................................................ 6

            a. Grubhub's January 2020 TOU Arbitration Provision Improperly Waives the Right to Seek Public Injunctive Rellief in Any Forum ...... 7

    B. Plaintiff Bogaert's Complaint Seeks Public Injunctive Relief .......................... 9

    C. Because The Waiver is Invalid, All of Plaintiff's Claims are Subject to Judicial Determination, Not Just the Request for Public Injunctive Relief ................... 13

IV. THE REMAINING PLAINTIFFS' CLAIMS EXCLUDING THEIR CLAIMS FOR PUBLIC INJUNCTIVE RELIEF, SHALL BE SENT TO ARBITRATION PURSUANT TO GRUBHUB'S DECEMBER 2021 TOU ................................................................. 15

V. CONCLUSION ............................................................................................................. 15

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

# TABLE OF AUTHORITIES

Page(s)

Cases

*Adkins v. Comcast Corp.*,
    No. 16-cv-05969-VC, 17-cv-06477-VC, 2018 WL 4846548 (N.D. Cal. Feb. 15, 2018) ...................... 9

*Blair v. Rent-A-Center, Inc.*,
    928. F.3d at 819 (9th Cir. 2019) ........................................................................................ 1, 6, 8, 9, 12

*Denise Sznitko v. Grubhub, Inc.*,
    No. 22STCP01060 (La. Super. Ct. Aug. 11, 2022) ............................................................ 1, 2, 3, 4, 11

*Hodges v. Comcast Cable Communications, LLC,*
    12 F.4th 1108 (9th Cir. 2021) ....................................................................................................... 3

*Hodges v. Comcast Cable Communications, LLC*,
    21 F.4th 535 (9th Cir. 2021) ..................................................................................................... 10, 11

*In re Stubhub Refund Litig.*,
    No. 20-md-02951-HSG, 2021 WL 5447006 (N.D. Cal. Nov. 22, 2021) ........................................... 11

*MacClelland v. Cellco Partnership,*
    609 F. Supp. 3d 1024 (N.D. Cal. 2022) .................................................................................... 8. 11

*Maldonado v. Fast Auto. Loans, Inc.*,
    60 Cal. App. 5th 710 (2021) ................................................................................................. 4, 12

*McArdle v. AT&T Mobility LLC,*
    No. 09-cv-01117-CW, 2017 WL 4354998 (N.D. Cal. Oct. 2, 2017) .................................................. 8

*McArdle v. AT&T Mobility, LLC,*
    No. 17-17246, 772 Fed. Appx. 575 (9th Cir. 2019) ................................................................. 1, 6, 12

*McGill v. Citibank, N.A.*,
    2 Cal. 5th 945 (2017) ........................................................................................................ *passim*

*McGovern v. U.S. Bank N.A.*,
    No. 18-CV-1794-CAB-LL, 2020 WL 7129344 (S.D. Cal. Dec. 3, 2020) ........................................... 12

*McGovern v. U.S. Bank, N.A.*,
    No. 18-CV-1794-CAB-LL, 2020 WL 4582687 (S.D. Cal. Aug. 10, 2020) ........................................ 16

*Mejia v. DACM Inc.*,
    54 Cal. App. 5th 691 (2020) ............................................................................................... 4, 9, 12

ii

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

*Olosoni v. HRB Tax Group, Inc.*,
  No. 19-cv-03610-SK, 2019 WL 7576680 (N.D. Cal. Nov. 5, 2019) .................................................. 12

*Rogers v. Lyft, Inc.*,
  452 F. Supp. 3d 904 (N.D. Cal. 2020) ............................................................................................... 8

*Ross v. Panda Restaurant Group, Inc.*,
  No. 21STCV03662 (Los Angeles Cnty. Super. Ct., Nov. 3, 2021) .................................................... 2

*Stout v. Grubhub Inc.*,
  No. 21-CV-04745-EMC, 2021 WL 5758889 (N.D. Cal. Dec. 3, 2021) ........................................... 14

*Tillage et a. v. Comcast Corp. et al.*,
  No. 18-15288, 722 Fed. Appx. 569 (9th Cir. 2019) .................................................................. 1, 6, 9

*Vasquez v. Cebridge Telecom CA*,
  No. 21-cv-06400-EMC, 2021 WL 5113217 (N.D. Cal. Nov. 3, 2021), *appeal filed*
     (Dec. 3, 2021) ............................................................................................................................... 12

Statutes

Cal. Bus. & Prof. Code §§ 17200 ............................................................................................................ 2
Cal. Bus. & Prof. Code §§ 17500 ............................................................................................................ 2
Cal. Civ. Code § 1750 .............................................................................................................................. 2
Cal. Civil Code § 3513 ............................................................................................................................. 5

iii

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

I.  **INTRODUCTION**

Defendant Grubhub Inc.'s ("Defendant" or "Grubhub") Motion to Compel Arbitration must be denied as to Plaintiff Marilee Bogaert's ("Plaintiff Bogaert") claims because Grubhub's arbitration provision in its January 2020 Terms of Use ("TOU") is unenforceable under the California Supreme Court's decision in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 953 (2017) ("*McGill*"), in that it improperly waives consumers' rights to seek public injunctive relief in any forum.[1] The Ninth Circuit has soundly affirmed *McGill*'s ruling in multiple instances[2] and several district courts have routinely invalidated arbitration provisions like Grubhub's here. In fact, a California Superior Court recently reviewing a case challenging Grubhub's same deceptive delivery fee practices and alleging the same claims asserted herein has already determined that the arbitration provision at issue squarely violates *McGill* and has vacated an arbitration ruling on these grounds. *See* Ex. 1, *Denise Sznitko v. Grubhub, Inc.*, No. 22STCP01060 (La. Super. Ct. Aug. 11, 2022) (the "*Sznitko* action"). There is no reason for this Court to hold any differently here.

II.  **BACKGROUND**

A.  **Grubhub Insidiously Charges Consumers Hidden Delivery Fees on Delivery Orders**

Plaintiffs' putative class action is brought on behalf of themselves, the general public, and a class of similarly situated California consumers who fell victim to Grubhub's deceptive and untruthful advertising relating to its flat, low cost "Delivery Fee" for delivery orders placed on the Grubhub website and mobile app. *See generally,* Class Action Complaint ("Compl."). Plaintiffs allege that Grubhub imposes hidden delivery charges on its users in two ways: first, by tacking on a "Service Fee" in an additional amount of 15% and second, by covertly marking up food prices for delivery orders only by 15-20%. *Id.,* ¶¶ 4-5, 43-58. These secret delivery upcharges obscure the true cost of delivery, and far exceed the prominent flat, low cost "Delivery Fee" as advertised by Grubhub. *Id.,* ¶ 6.

---

[1] As discussed in Section IV herein, the remaining Plaintiffs Charles Wang, Robert Allan Perkins Jr., Christine Bak, and Carissa Recco are not opposing arbitration as to their claims, excluding their claims for public injunctive relief, which shall be severed and stayed pending the outcome of arbitration.

[2] *Blair v. Rent-A-Center, Inc.,* 928 F.3d 819 (9th Cir. 2019); *McArdle v. AT&T Mobility, LLC,* 772 Fed. Appx. 575 (9th Cir. 2019), *cert denied.,* No. 19-1078, 140 S. Ct. 2827 (U.S. June 1, 2020) (concurrently filed opinion adopting holding in *Blair*); *see also Tillage v. Comcast Corp. et al.,* 772 Fed. Appx. 569 (9th Cir. 2019), *cert. denied,* No. 19-1066, 140 S. Ct. 2827 (U.S. June 1, 2020) (same).

1

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

The Complaint alleges that Grubhub's false misrepresentations have caused hundreds of thousands of Grubhub customers like Plaintiffs to be assessed hidden delivery charges that they did not bargain for. *Id.*, ¶ 10. At least one California court has upheld these claims at the pleading stage. *See e.g., Ross v. Panda Restaurant Group, Inc.,* No. 21STCV03662 (Los Angeles Cnty. Super. Ct., Nov. 3, 2021).

Plaintiffs assert claims for the violation of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.,* California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.,* and California's Consumer Legal Remedies Act (the "CLRA"), Cal. Civ. Code § 1750, *et seq. See generally, id.* Plaintiffs seek actual damages, punitive damages, restitution, and an injunction on behalf of the general public to prevent Grubhub from continuing to engage in these illegal practices and to fairly allow consumers to decide whether they will pay Grubhub's delivery mark-ups.

### B. It Is Undisputed That Grubhub's January 2020 TOU Govern Plaintiff Bogaert's Claims

As an example of Grubhub's misconduct, Plaintiff Bogaert alleges she used the Grubhub app to make a food purchase from A+ Burger in the total amount of $22.36 on March 4, 2019. Compl., ¶ 72. Although Defendant advertised the "Delivery Fee" as $5.99 on the Grubhub app, the cost of food ordered by Plaintiff Bogaert bore a hidden delivery fee markup because the exact same food items were marked up 15-20% more than if those same items were ordered for pickup. *Id.,* ¶¶ 73-74.

Defendant submits that Plaintiff Bogaert placed additional orders on her Grubhub account in March 2020 after the January 2020 TOU went into effect. *See* Ryu Decl., ¶ 15; Def.'s Response to Interrogatory No. 1. Defendant therefore concedes that Plaintiff Bogaert is bound to Grubhub's January 2020 TOU. *See* Mot. at 3.

### C. A California Court Has Already Held Grubhub's January 2020 TOU Arbitration Provision Violates *McGill* in a Nearly Identical Case Brought Against Defendant

Grubhub's January 2020 TOU arbitration provision has already been found to violate *McGill* and held unenforceable by a California court in the *Sznitko* action. *See* Ex. 1.

The plaintiff in the *Sznitko* action filed a class action against Grubhub in the Superior Court of California for the County of Los Angeles alleging that Grubhub's deceptive and untruthful advertising

2

relating to its flat, low cost "Delivery Fee" for delivery orders placed on the Grubhub website and mobile app violates California's consumer protection laws including the UCL, CLRA, and FAL. The *Sznitko* action challenged the exact same conduct at issue here—that Grubhub imposes a 15-20% markup exclusively on delivery food items and includes a hidden "Service Fee" that together represent a higher delivery fee than advertised. The *Sznitko* action similarly pursued claims on behalf of the general public and other similarly situated consumers in California seeking public injunctive relief, along with other remedies. The operative arbitration provision in the *Sznitko* action was the same version governing Plaintiff Bogaert's claims here in this case: Grubhub's January 2020 TOU.

On April 28, 2021, Ms. Sznitko filed a demand for arbitration with the AAA pursuant to the Consumer Arbitration Rules, requesting a ruling from the arbitrator that Grubhub's January 2020 TOU arbitration agreement is unenforceable and that no valid agreement to arbitrate was ever formed. Grubhub thereafter filed a motion for judgment on September 10, 2021, requesting that the Arbitrator deny Ms. Sznitko's requested relief sought in her Demand for Arbitration and find that the Arbitration Agreement is enforceable as to Ms. Sznitko's underlying claims asserted in her Complaint. Ms. Sznitko opposed Grubhub's motion on the basis that the arbitration agreement was unenforceable under the California Supreme Court's ruling in *McGill v. Citibank, N.A.,* 2 Cal. 5th 945 (2017) that held that contractual provisions that purport to waive a consumer's right to seek public injunctive relief in any forum is void and unenforceable under California law.

On December 30, 2021, the arbitrator issued her written decision on Grubhub's motion for judgment, finding the relief Ms. Sznitko sought in her complaint did *not* qualify as non-waivable public injunctive relief protected by *McGill*. Ex. 2, Arb Order. Specifically, the arbitrator relied upon the Ninth Circuit's recent decision in *Hodges v. Comcast Cable Communications, LLC,* 12 F.4th 1108 (9th Cir. 2021) to hold that Ms. Sznitko's request for injunctive relief that sought to enjoin Grubhub from the public dissemination of misinforming consumers about its delivery fees on its publicly available mobile app and website was actually private injunctive relief because it "is directed at existing and future *delivery* customers of Grubhub, which is a subset of the general public of California, as well as a subset of Grubhub's total customer base, some of whom do not have their orders delivered." *Id.* The arbitrator further noted that "[w]hile Grubhub's dealings with future delivery customers might qualify as a benefit

3

to the general public, that benefit is only incidental." *Id.* Upon this finding, the arbitrator concluded that "the agreement to arbitrate, and the companion waiver of Sznitko's right to participate as a plaintiff or class member in any purported class action or representative proceeding and the limitation on her right to receive injunctive relief beyond that which is available on her individual Claims is enforceable." *Id.*

Grubhub petitioned the superior court to confirm the arbitration award and Ms. Sznitko opposed, arguing that the arbitrator exceeded her powers by erroneously deciding that she did not seek public injunctive relief and therefore, stripped her of her unwaivable statutory right and offended California public policy by declining to invalidate a contractual provision that is void under California law.

On August 11, 2022, the court agreed with Ms. Sznitko, denied Grubhub's petition, and vacated the arbitrator's award. *See* Ex. 1. In examining nearly identical allegations that Plaintiff Bogaert makes here, the court held that the arbitrator erred in concluding that Ms. Sznikto's injunctive relief was "more appropriately classified as private injunctive relief" and likened Ms. Sznitko's pleadings to those at issue in *Mejia v. DACM Inc.,* 54 Cal. App. 5th 691 (2020) and *Maldonado v. Fast Auto. Loans, Inc.,* 60 Cal. App. 5th 710 (2021). The court explained:

> The arbitrator recognized Sznitko's requested injunctive relief was 'directed at existing and future *delivery* customers of Grubhub,' but erred in finding such relief would not be for the public's benefit. **This misunderstands how false and deceptive advertising works.** Certainly, those who succumb to false advertising and become actual customers constitute a more limited class of persons who were harmed by false advertising and might desire an injunction that would put an end to such deceptive practices. But the general public also benefits from such an injunction—arguably, even more so—because such injunctive relief might serve to present such members of the public from being lured in as customers harmed by the false advertising in the first place. Whether making full disclosure to potential purchasers of motorcycle (*Mejia*), refraining from charging unlawful interest rates and issuing accurate advertising to would-be borrowers (*Maldonado*), or fully disclosing allegedly hidden charges to persons contemplating to order food for delivery (this case), such court-ordered relief surely benefits the general public by acting to prevent harm to a member of the public before she becomes a deceived customer. (*McGill,* 2 Cal. 5th at 955 ["[P]ublic injunctive relief . . . is relief that has the primary purpose and effect of prohibiting unlawful acts that threaten injury to the general public"].)

Ex. 1 at p. 2-3 (bolded emphasis added).

### III. <u>DEFENDANT'S MOTION TO COMPEL PLAINTIFF BOGAERT'S CLAIMS TO ARBITRATION MUST BE DENIED</u>

4

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

Plaintiff Bogaert's claims are not subject to arbitration because the January 202version of Grubhub's Terms of Use that she agreed to is unenforceable under *McGill* because it deprives consumers of the right to seek public injunctive relief in any forum.

### A. Grubhub's Arbitration Provision in the January 2020 TOU Improperly Deprives Consumers of the Right to Seek Public Injunctive Relief in Any Forum and is Therefore Unenforceable Under *McGill*

Grubhub's January 2020 TOU impermissibly deprive Plaintiff Bogaert of her right to seek public injunctive relief—in both arbitration and in court—and thereby, runs afoul of the California Supreme Court's decision in *McGill*. As such, Grubhub's arbitration clause must be held unenforceable, requiring Ms. Bogaert's claims to be litigated in court.

#### 1. Background: *McGill* Prohibits Waivers of the Right to Seek Public Injunctive Relief in Any Forum

In *McGill,* the Supreme Court of California unanimously held that a contract provision purporting to prevent a consumer from seeking public injunctive relief in any forum is unenforceable. "Public injunctive relief" is relief that "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *McGill,* 2 Cal. 5th at 951. The issue before the court was whether the arbitration provision in question "is valid and enforceable insofar as it purports to waive [plaintiffs'] right to seek public injunctive relief *in any forum.*" *Id.* at 956 (emphasis in original). After finding that the complaint did, in fact, seek public injunctive relief, and that such relief was available under the CLRA, UCL, and FAL, the court concluded that the "arbitration provision here at issue is invalid and unenforceable under state law insofar as it purports to waive [plaintiffs'] statutory right to seek such relief." *Id.* at 958-61.

To reach this result, the court relied on Civil Code § 3513, which provides that "a law established for a public reason cannot be contravened by private agreement." The court explained that because the relief available under the UCL, the CLRA, and the FAL is "primarily for the benefit of the general public," any waiver of the right to seek public injunctive relief under those statutes "would seriously compromise the public purposes the statutes were intended to serve." *McGill,* 2 Cal.5th at 961. Accordingly, under *McGill*, "a provision in any contract—even a contract that has no arbitration

5

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

provision—that purports to waive, in all fora, the statutory right to seek public injunctive relief under the UCL, the CLRA, or the false advertising law is invalid and unenforceable under California law." *Id.* at 962.

The Ninth Circuit subsequently affirmed the *McGill* ruling in *Blair,* 928. F.3d at 828. In *Blair,* the plaintiff entered into an agreement with Rent-A-Center to rent household items through set installment payments, and after all payments are made on time or if the consumer is able to pay the full cash price early, the consumer takes ownership of the item. The plaintiff challenged this practice by asserting that Rent-A-Center charged total payment and cash price amounts that far exceeded the price of the items, in violation of various consumer protection laws. The plaintiff sought public injunctive relief. However, the arbitration provision in the agreement stated that "[t]here will be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, mass, private attorney general, or representative action." *Id.* at 822-23.

The Ninth Circuit denied the defendant's motion to compel arbitration based on its ruling that "[t]he *McGill* rule is a generally applicable defense derived from long-established California public policy. It is a 'ground[] … for the revocation of any contract' and falls within the FAA's savings clause at the first step of the preemption analysis", citing 9 U.S.C. § 2, which "permits agreements to arbitrate to be invalidated by generally applicable contract defenses." *Id.* at 828.

The Ninth Circuit issued similar opinions in *McArdle v. AT&T Mobility, LLC,* 772 Fed. Appx. 575 (9th Cir. 2019), *cert denied.,* No. 19-1078, 140 S. Ct. 2827 (U.S. June 1, 2020) (concurrently filed opinion adopting holding in *Blair*); *see also Tillage v. Comcast Corp. et al.,* 772 Fed. Appx. 569 (9th Cir. 2019), *cert. denied,* No. 19-1066, 140 S. Ct. 2827 (U.S. June 1, 2020) (same). AT&T and Comcast unsuccessfully sought certiorari review by the Supreme Court of the United States in *McArdle* and *Tillage.* The Supreme Court's denial of certiorari leaves the *McGill* rule intact and precedential.

      **2.    Grubhub's January 2020 TOU Arbitration Provision is Unenforceable Under *McGill***

Grubhub's arbitration provision broadly requires the arbitration of all "claims," which are defined to include all disputes between the consumer and Grubhub:

6

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

> You agree that all claims, disputes, or disagreements that may arise out of the interpretation or performance of this Agreement or payments by or to Grubhub, or in that in any way relate to your use of the Platform, the Materials, the Services, and/or other content on the Platform or any other dispute with Grubhub, shall be submitted exclusively to binding arbitration, except that each party retains the right to bring an individual action in small claims court for disputes and actions within the scope of such court's jurisdiction and the right to seek injunctive or other equitable relief in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation, or violation of a party's copyrights, trademarks, trade secrets, patents, or other intellectual property rights.

Ryu Decl., Ex. G, Section XXII at 61.

Accordingly, this provision compels *all* disputes to arbitration—even those seeking public injunctive relief as a remedy.

Further, the provision contains a waiver that expressly bars an arbitrator from resolving such disputes that are representative in nature:

> **You further acknowledge and agree that you waive your right to participate as a plaintiff or class member in any purported class action or representative proceeding.** Further, unless both you and Grubhub otherwise agree in writing, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of any class or representative proceeding.

*Id.* (emphasis added).

The provision further restricts the arbitrator's ability to award public injunctive relief: "The arbitrator may award declaratory or injunctive relief only in favor of the claimant and only to the extent necessary to provide the relief warranted by the claimant's individual claim." *Id.* at 62.

Lastly, Grubhub's agreement contains a "poison pill" provision. That provision states: "If this class action waiver is held unenforceable, then the entirety of this 'Dispute Resolution' section will be deemed void." *Id.* at 61.

Accordingly, because these provisions, when read together, improperly waive Plaintiff Bogaert's right to seek public injunctive relief in any forum, thereby triggering the poison-pill provision, Grubhub's arbitration agreement is unenforceable, and Plaintiff Bogaert's claims must be litigated in court.

        **a.**      **Grubhub's January 2020 TOU Arbitration Provision Improperly Waives the Right to Seek Public Injunctive Relief in Any Forum**

*McGill* is controlling and invalidates the governing arbitration provision in this case. Grubhub's

7

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

arbitration provision explicitly limits the arbitrator from making decisions or awarding relief that benefits anyone other than Plaintiff: "[t]he arbitrator may award…injunctive relief only in favor of the claimant and only to the extent necessary to provide relief warranted by the claimant's individual claim." *Id.* at 62. Combined with the requirement that "all claims" are subject to binding arbitration, the arbitration agreement violates *McGill* because it waives Plaintiff's right to seek public injunctive relief in any forum. *Id.* at 61. Defendant does not dispute that its arbitration provision contains a waiver of the right to seek public injunctive relief. Mot. at 14-15.

      The overwhelming majority of courts (including several courts within the Northern District of California) that have reviewed arbitration provisions containing the same, or substantially similar operative language have concluded that these arbitration provisions that similarly bar representative, class, and collective actions and limit the arbitrator to awarding relief on an individual basis are unenforceable because they prohibit the right to seek public injunctive relief. *See e.g., MacClelland v. Cellco Partnership,* 609 F. Supp. 3d 1024, 1037 (N.D. Cal. 2022), *appeal filed* July 13, 2022 (holding that arbitration provision with substantially similar language that "preclude[ed] injunctive relief benefitting anyone other than the individual claimant…prevents Plaintiff from seeking public injunctive relief in any forum, a right which cannot be denied whether in arbitration or otherwise"); *Blair,* 928 F.3d at 823 (agreement barred public injunctive relief in any forum when it provided that arbitration "shall be conducted on an individual basis" and prohibited the arbitrator from awarding relief that would "affect [individuals] other than you"); *Rogers v. Lyft, Inc.,* 452 F. Supp. 3d 904, 917-18 (N.D. Cal. 2020) (holding Lyft's arbitration provision which, like Grubhub's, prohibited representative claims in arbitration and limited the arbitrator to awarding relief only "in favor of" the claimant and "only to the extent necessary to provide relief warranted by" the claimant was unenforceable); *McArdle v. AT&T Mobility LLC,* 2017 WL 4354998, at *4-5 (N.D. Cal. Oct. 2, 2017) (similarly holding that a prohibition on public injunctive relief in arbitration, providing that the arbitrator could "award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim" when read "[i]n combination with the agreement . . . that all claims and disputes, broadly defined, would be arbitrated, . . . constitutes a waiver of public injunctive relief in all for a that violates the *McGill* rule"), *aff'd. mem.* 772 Fed. Appx. 575

8

(2019); *Adkins v. Comcast Corp.,* 2018 WL 4846548, at *1 (N.D. Cal. Feb. 15, 2018) (finding arbitration agreement that used nearly identical language to the one at issue here waived an individual's right to seek public injunctive relief in any forum), *aff'd sub nom. Tillage,* 772 F. App'x 569 (9th Cir. 2019). Each and every one of these decisions, which involve either identical, or substantially similar language to that used by Grubhub, compels a finding that Defendant's arbitration provision squarely violates *McGill* by improperly waiving the right to seek public injunctive relief in any forum.

In sum, because Grubhub's arbitration provision compels all claims to arbitration, yet only allows Plaintiff Bogaert to pursue relief individually in that forum, the clause at issue bars Plaintiff's right to seek public injunctive relief in any forum and therefore violates *McGill.*

### B.  Plaintiff Bogaert's Complaint Seeks Public Injunctive Relief

Grubhub also appears not to contest that Plaintiff Bogaert seeks public injunctive relief. *See generally* Mot. at 13-15. *See* Complaint, ¶ 13 ("Plaintiffs seek…an injunction on behalf of the general public to prevent Grubhub from continuing to engage in its illegal practices described herein and to fairly allow consumers to decide whether they will pay Grubhub's delivery mark-up"); *see also id.,* ¶¶ 128, 134-35, 141.

As the Ninth Circuit held in *Blair,* 928 F.3d 819, an injunction under the UCL or CLRA that seeks "the elimination of deceptive practices" is, by definition, "public injunctive relief." *Id.* at 824. Here, Plaintiff Bogaert's Prayer for Relief plainly includes a request for a public injunction to prevent Grubhub from continuing to deceive consumers in its publicly available mobile app and website, which is "relief oriented to and for the benefit of the general public." *See id.* at 831 n.3. The Complaint in this case makes clear that the injunctive relief sought is to protect the public from Grubhub's disclosures and misrepresentations, which are "misleading consumers about its delivery fees" which "deceive[d] consumers into making online food purchases they otherwise would not make." Compl., ¶¶ 134, 7. Accordingly, because the injunction requested "does not limit itself to relief only for class members or some other small group of individuals[,], it encompasses consumers generally." *Mejia,* 2020 WL 5525793, at *7 (quotation marks and citations omitted).

In the event Grubhub challenges Plaintiff's request for public injunctive relief, it might predictably argue that Plaintiff Bogaert's request is not actually "public" in nature because it benefits

9

only small group of individuals similar to Plaintiff, *i.e.,* those Grubhub customers who ordered food for delivery on Defendant's app or website, and not the general public. But this argument would fail because it is based upon an overreading of *Hodges v. Comcast Cable Communications, LLC*, 21 F.4th 535 (9th Cir. 2021). The Ninth Circuit's decision in *Hodges* did not alter the well-defined rule of law (and weight of legal authority in support thereof) about what constitutes a request for public injunctive relief. Instead, *Hodges* merely reaffirmed the California Supreme Court's holding in *McGill* that public injunctive relief "is limited to forward-looking injunctions that seek to prevent future violations of law for the benefit of the general public as a whole," and stated a "paradigmatic example [of public injunctive relief] would be the sort of injunctive relief sought in *McGill* itself, where the plaintiff sought an injunction against the use of false advertising to promote a credit protection plan." *Id.* at 542; *see also McGill,* 2 Cal. 5th at 956-57 (holding generalized request to enjoin false advertising under the UCL, FAL, and CLRA, such as enjoining defendant from continuing to "sell[] the Plan with advertising that includes false, misleading or deceptive information" constituted public injunctions).

Nevertheless, *Hodges* is critically distinguishable from this case on its facts. First, the underlying dispute in *Hodges* sought relief on behalf of a California class of residential Comcast subscribers, and alleged that Comcast violated those subscribers' privacy rights by collecting their personal data in violation of the Cable Communications Policy Act, California Invasion of Privacy Act, and the UCL. *Hodges,* 21 F.4th at 538. The Court held that the complaint failed to seek *public* injunctive relief because all seven of the requested injunctions were sought on behalf of "cable subscribers of Comcast" and therefore, "will only benefit a group of individuals similarly situated to the plaintiff." *Id.* at 548-49 (for example, requests that Comcast "clearly and conspicuously notify *cable subscribers* … of the period during which it maintains their personal identifiable information"; "stop using its cable system to collect *cable subscribers'* personally identifiable video activity data…"; "destroy all personally identifiable video activity data collected from *cable subscribers* for advertising purposes without prior… consent"; etc.). In sum, the Court held that the injunctive relief sought in *Hodges* was "not the equivalent of a simple prohibition on running a false advertisement or a mandatory injunction…to make additional public disclosures in advertising." *Id.* at 549. In stark contrast, Plaintiff Bogaert's UCL, FAL, and CLRA claims are brought on behalf of a California class of consumers and the general public, and the public

10

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

injunctive relief requested is explicitly directed at Grubhub's deceptive and misleading advertising about its Delivery Fees to the public. *See* Compl., ¶¶ 13, 134, 141. Seeking to stop false advertising of the kind Grubhub engages in here is the quintessential form of public injunctive relief under *McGill*. *McGill* itself involved preventing the dissemination of a deceptive credit card offer. *McGill,* 2 Cal. 5th at 951. Thus, Plaintiff Bogaert's public injunctive relief request is akin to the "paradigmatic example" that *Hodges* identified was present in *McGill,* and not at all like the injunctive relief limited to "Comcast cable subscribers" as in *Hodges.*

Indeed, this was the precise issue in dispute in the *Sznitko* action, wherein the court held that the arbitrator erred in relying on *Hodges* to hold that plaintiff's requested injunction was private in nature. *See* Ex. 1. The court easily distinguished *Hodges,* finding it "hardly surprising" that the requested relief, which was "clearly [ ] for the benefit of limited class of persons, i.e., the companies' cable subscribers" was found to be private injunctive relief. *Id.* at 3. After reviewing allegations materially identical to those advanced by Plaintiff Bogaert here, the court held the plaintiff sought public injunctive relief where she "seeks to prevent Grubhub from purportedly misrepresenting fees on his application and website, from allegedly secretly marking up fees, and from engaging in deceptive advertising—injunctive relief that would inure to the benefit of any member of the public deciding at the point-of-sale whether to order food for delivery from Grubhub." *Id.*

The overwhelming weight of legal authority is in accord that allegations like Plaintiff Bogaert's sufficiently create a request for public injunctive relief. *See e.g., MacClelland,* 609 F. Supp. 3d at 1038 (finding request "to enjoin Verizon from falsely advertising the prices of its wireless service plans to members of the general public via public injunctions under the UCL, FAL, and CLRA—the very same statutes and type of relief at issue in *McGill*" was a "paradigmatic example of public injunctive relief"); *In re Stubhub Refund Litig.,* 2021 WL 5447006 at *11 (N.D. Cal. Nov. 22, 2021) ("Although some of the relief Plaintiffs seek may only benefit Plaintiffs or Stubhub consumers who have purchased tickets through Stubhub [e.g., an injunction requiring Stubhub to honor its refund policy, to preclude Stubhub from unilaterally changing the terms of the guarantee, or to provide clear, conspicuous, and extensive corrective advertising regarding the guarantee], the Court finds that Plaintiffs are also seeking this 'paradigmatic example' of public injunctive relief to preclude Defendant from misrepresenting to the

11

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

general public the protections afforded by its FanProtectTM Guarantee"); *Vasquez v. Cebridge Telecom CA,* No. 21-cv-06400-EMC, 2021 WL 5113217 (N.D. Cal. Nov. 3, 2021), *appeal filed* (Dec. 3, 2021) (plaintiff sought public injunctions under the UCL, CLRA, and FAL that were "expressly aimed at enjoining Suddenlink's false advertising to the general public" where he requested enjoining "advertising or quoting an internet service plan price" without the deceptive Network Enhancement Fee; "advertising or representing that the prices of its internet service plans are fixed and will not increase during a specified promotional period"; "stating to members of the public that the Network Service Fee" is a tax, government fee, regulatory fee, or out of Suddenlink's control); *Blair,* 928 F.3d at 831 n.3 (holding plaintiff seeks public injunctive relief where she seeks "to enjoin future violations of California's consumer protection statutes"); *Mejia,* 2020 WL 5525793, at *7 (plaintiff sought public injunctive relief where his prayer sought an injunction forcing defendant to cease selling motor vehicles in the state of California without first providing the consumer with disclosures mandated by the Civil Code in a single document because he does not limit relief "for class members or some other small group of individuals; it encompasses 'consumers' generally"); *Maldonado,* 60 Cal. App. 5th at 722 (plaintiff sought public injunctive relief in case challenging terms of a loan because "it is enough that the requested relief has the purpose and effect of protecting the public from Lender's ongoing harm."); *McArdle,* 772 F.App'x 575 (affirming district court's finding that a plaintiff was pursuing public injunctive relief where the plaintiff was seeking to enjoin AT&T from "charg[ing] exorbitant fees for international cellular telephone service"); *Olosoni v. HRB Tax Group, Inc.,* 2019 WL 7576680, at *4 (N.D. Cal. Nov. 5, 2019) (finding plaintiffs pled public injunctive relief where they sought to alter "broadly-directed advertising" regarding H&R Block's "free filing" offers because they were "designed to lure in a large swath of the general public," regardless if only some of whom were eligible for the product advertised).

    Nevertheless, it bears noting that some courts have rejected the proposition all together that, once an arbitration provision is found to violate *McGill*, it is unnecessary to inquire as to whether the claimant actually pleads public injunctive relief or has standing to do so. *See e.g., McGovern v. U.S. Bank, N.A.,* No. 18-CV-1794-CAB-LL, 2020 WL 4582687, at * 2 fn. 1 (S.D. Cal. Aug. 10, 2020) ("In light of the binding authority of *Blair,* and the Ninth Circuit's application of that authority in *McArdle,* whether Plaintiff seeks 'public injunctive relief' or has standing to do so are irrelevant to the enforceability of the

12

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

arbitration section of her Deposit Account Agreement."); *McGovern v. U.S. Bank N.A.,* 2020 WL 7129344, at *2 (S.D. Cal. Dec. 3, 2020) (denying motion for reconsideration because "whether Plaintiff actually seeks public injunctive relief, or has Article III standing to do so, is irrelevant to the unenforceability of the public injunction waiver in the Deposit Account Agreement, which is strictly a question of law and contract interpretation.").

In sum, it is clear that Plaintiff Bogaert seeks public injunctive relief.

### C. Because The Waiver is Invalid, All of Plaintiff's Claims Are Subject to Judicial Determination, Not Just the Request for Public Injunctive Relief

Grubhub contends that the January 2020 TOU does not contain an absolute poison pill that would invalidate the entire arbitration agreement if the public injunctive relief waiver is deemed void; rather, it interprets the poison pill narrowly, such that if the class action waiver is deemed unenforceable, then the Court should sever and stay only the public injunctive relief claim. Mot. at 15. Defendant's interpretation is incorrect because the ban on public injunctive relief cannot be divorced from the class action waiver. Thus, because the waiver violates *McGill,* the poison pill is invoked, and the Court must invalidate the arbitration provision in its entirety.

The text of Grubhub's class action waiver is located immediately adjacent to the poison pill and thus, they should be read in conjunction:

> You further acknowledge and agree that you waive your right to participate as a plaintiff or class member in any purported class action or representative proceeding. Further, unless both you and Grubhub otherwise agree in writing, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of any class or representative proceeding. If *this* class action waiver is held unenforceable, then the entirety of this 'Dispute Resolution' section will be deemed void.

Ryu Decl., Ex. G, Section XXII at 61 (emphasis added).

This provision makes clear that if the prohibition that bans the arbitrator from presiding over "***any form of***" any class or representative proceeding—which necessarily includes a request for public injunctive relief like Plaintiff Bogaert's—then "the entirety of this 'Dispute Resolution' section will be deemed void." *Id.* The severability provision similarly states:

> If any portion of this Agreement is found to be void, invalid, or otherwise unenforceable, then that portion shall be deemed to be severable and, if possible, superseded by a valid,

13

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

> enforceable provision that matches the intent of the original provision as closely as possible *except that in the event of unenforceability of the class action waiver, then the entire arbitration agreement shall be unenforceable*.

*Id.* at 63 (emphasis added).

Defendant's desire to sever the public injunctive relief claim is based upon overbroad application of the decision in *Stout v. Grubhub Inc.,* No. 21-CV-04745-EMC, 2021 WL 5758889 (N.D. Cal. Dec. 3, 2021), wherein Judge Chen of the Northern District of California granted Grubhub's motion to compel similar claims to arbitration while severing and staying the plaintiff's request for public injunctive relief. The *Stout* decision has no bearing on this case because it involved an entirely different version of Grubhub's Terms of Use—the December 2020 TOU—which are plainly not at issue here.

This is a critical distinction because the *Stout* court based its decision to sever and stay the public injunctive relief claim upon language that was present in the Class Action and Collective Relief Waiver portion of Grubhub's December 2020 TOU arbitration provision (but is absent in the governing January 2020 TOU version) that expressly authorized the court to split the public injunctive relief claim from the remainder of plaintiff's claims:

> This Class Action and Collective Relief Waiver is an essential part of this 'Dispute Resolution' section, and if it is deemed invalid or unenforceable with respect to a particular claim or dispute, neither you nor Grubhub is entitled to arbitration of such claim or dispute. **Notwithstanding the foregoing**, if a court determines that the Class Action and Collective Waiver is not enforceable as to a particular claim **or** request for relief and all appeals from that decision have been exhausted (or the decision is otherwise final), then the parties agree that particular claim **or** request for relief may proceed in court but shall be severed and stayed pending arbitration of the remaining claims.

*Id.* at *10; *see also* Ryu Decl., Ex. E at 44 (emphasis added).

The *Stout* court explained that "[t]his language makes clear that there is no complete poison pill in the Terms of Use" and proceeded to invoke the severability provision as to the public injunctive relief claim. *Id.* Thus, unlike the version of Grubhub's TOU at issue in *Stout*, which included a clause that expressly carved out the possibility to sever the specific request for public injunctive relief, no such provision exists in the January 2020 TOU here. The Court should not read additional limitations into this provision where no such language exists.

The prohibition on public injunctive relief is undoubtedly part of the class action waiver. The

14

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

very nature of public injunctive relief is that it will benefit all consumers and members of the general public. As such, because Plaintiff Bogaert requests a public injunction for each of her UCL, CLRA, and FAL claims, it is simply not possible to divide a request for a public injunction into individual and representative components.

Thus, this Court should find that the poison pill is triggered, the prohibition on public injunctive relief cannot be severed, and the entire January 2020 TOU arbitration provision must be deemed unenforceable.

### IV. THE REMAINING PLAINTIFFS' CLAIMS, EXCLUDING THEIR CLAIMS FOR PUBLIC INJUNCTIVE RELIEF, SHALL BE SENT TO ARBITRATION PURSUANT TO GRUBHUB'S DECEMBER 2021 TOU

In its Interrogatory Responses, Defendant asserts that Plaintiffs Christine Bak, Robert Perkins, and Carissa Recco made purchases on the Grubhub platform during the time period that the December 2021 TOU were in effect, and therefore agreed to be bound by that version of the terms. *See* Defendant's Response to Interrogatory No. 1. Defendant further asserts that Plaintiff Charles Wang placed orders on the Grubhub platform after the December 2020 TOU went into effect and is therefore, bound by that version. *Id.* Plaintiffs agree that pursuant to the December 2021 TOU, the claims of Plaintiffs Bak, Perkins, Recco, and Wang should be sent to arbitration, except for their claims for public injunctive relief, which should be severed and stayed in court pending the outcome of arbitration on those claims.

### V. CONCLUSION

Accordingly, Plaintiff Bogaert respectfully requests that the Court deny Defendant's Motion to Compel Arbitration, finding Grubhub's January 2020 TOU arbitration provision to violate *McGill* and allow the entirety of Plaintiff Bogaert's claims to proceed in court.

Dated: May 9, 2023                    **KALIELGOLD PLLC**

By:*/s/ Jeffrey D. Kaliel*
Jeffrey D. Kaliel (SBN 238293)
*jkaliel@kalielpllc.com*
1100 15th Street NW, 4th Floor
Washington, D.C.  20005
Tel: (202) 350-4783

15

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**

1 | Sophia Goren Gold (SBN 307971)
2 | **KALIELGOLD PLLC**
  | *sgold@kalielgold.com*
3 | 950 Gilman Street, Ste. 200
  | Berkeley, CA 94710
4 | Tel: (202) 350-4783
5 |
  | *Attorneys for Plaintiffs Charles Wang, Marilee Bogaert,*
6 | *Aaron Aseltine, Robert Allan Perkins Jr., Carissa Recco,*
  | *Christine Bak, and the proposed class*

**PLAINTIFFS' OPPOSITION GRUBHUB INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS**