# EXHIBIT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| **22STCP01060** | August 11, 2022 |
| **GRUBHUB INC. vs DENISE SZNITKO** | 9:30 AM |

Judge: Honorable Curtis A. Kin   CSR: K. Logan, CSR 12608 via LA CourtConnect

Judicial Assistant: M. Mort   ERM: None
Courtroom Assistant: M. Rodriguez   Deputy Sheriff: None

---

APPEARANCES:

For Petitioner(s): Marissa X Hernandez; Stacy Horth-Neubert

For Respondent(s): Sophia Goren Gold via LA CourtConnect

---

**NATURE OF PROCEEDINGS:** Hearing on Motion to Confirm Arbitration Award

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Keri Logan, CSR 12608 certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The matter is called for hearing.

The Court provides the following tentative ruling:
_____
TENTATIVE RULING:

Petitioner Grubhub Inc.'s Petition to Confirm Arbitration Award is DENIED.

Respondent Denise Sznitko opposes the petition on the ground that the arbitrator exceeded her authority in deeming an arbitration agreement enforceable against her. (Horth-Neubert Decl. ¶ 4 & Ex. C.) Respondent argues that enforcing the agreement would result in the waiver of plaintiff's right to seek public injunctive relief in court, which violates the holding in McGill v. Citibank, N.A. (2017) 2 Cal.5th 945.

Generally, "an arbitrator's decision cannot be reviewed for errors of fact or law." (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 11.) However, this rule is subject to narrow exceptions. (Id.) One of those exceptions is when arbitrators "issu[e] an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." (Richey v. AutoNation, Inc. (2015) 60 Cal.4th 909, 916.) In such a case, the arbitrators exceed their powers, which constitutes a basis for vacating an award. (Id., citing CCP § 1286.2(a)(4).)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| **22STCP01060** | August 11, 2022 |
| **GRUBHUB INC. vs DENISE SZNITKO** | 9:30 AM |

Judge: Honorable Curtis A. Kin               CSR: K. Logan, CSR 12608 via LA CourtConnect

Judicial Assistant: M. Mort                       ERM: None
Courtroom Assistant: M. Rodriguez        Deputy Sheriff: None

---

Under McGill v. Citibank, a contractual waiver of the right to seek public injunctive relief is unenforceable because, under Civil Code § 3513, no one can agree to waive a law established for a public reason. (McGill, 2 Cal.5th at 961; Civ. Code § 3513 ["Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement"].) Public injunctive relief "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." (McGill, 2 Cal.5th at 951, 955.) By contrast, private injunctive relief is "[r]elief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff . . . ." (Ibid.)

Here, the arbitrator concluded the injunctive relief sought by Sznitko "is more appropriately classified as private injunctive relief." (Horth-Neubert Decl. ¶ 4 & Ex. C at 10.) As such, the arbitrator further concluded Sznitko's claim for injunctive relief "does not qualify as non-waivable public injunctive relief protected by McGill" and accordingly found the agreement to arbitrate between the parties fully enforceable. (Horth-Neubert Decl. ¶ 4 & Ex. C at 10.)

In opposing confirmation of the award, Sznitko argues that, "[b]y (erroneously) deciding that Ms. Sznitko did not seek public injunctive relief, the outcome of the arbitration adversely stripped Ms. Sznitko of her unwaivable statutory right and offended California public policy by declining to invalidate a contractual provision that is void under California law." (Opp. at 11:23-27.) In other words, confirming the award would have the effect of prohibiting Sznitko from seeking public injunctive relief from the Court, which would constitute an unenforceable waiver of statutory rights under McGill and Civil Code § 3513. Therefore, this Court determine whether the arbitrator erred in finding that Sznitko's claim for injunctive relief does not qualify as public injunctive relief and thereby exceeded the arbitrator's powers by enforcing the arbitration agreement against Sznitko.

The Court finds the arbitrator so erred. Here, in Sznitko's Class Complaint against Grubhub, she alleged that Grubhub's marketing of low-cost delivery fees "deceives consumers into making online food purchases they otherwise would not make." (Horth-Neubert Decl. ¶ 2 & Ex. A ["Class Compl."] at ¶ 7; see also Class Compl. ¶¶ 8, 9, 11, 12, 54 [allegations that Grubhub deceived consumers in misrepresenting nature of delivery charges].) Sznitko further alleged that she brought an action on behalf of the general public (Class Compl. ¶ 13) and accordingly sought an injunction on behalf of the general public to prevent Grubhub from misleading consumers about its delivery fees. (Class Compl. ¶¶ 94, 100, 107.)

Sznitko's Class Complaint is like the pleadings in Mejia v. DACM Inc. (2020) 54 Cal.App.5th

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| **22STCP01060** | August 11, 2022 |
| **GRUBHUB INC. vs DENISE SZNITKO** | 9:30 AM |

| | |
|---|---|
| Judge: Honorable Curtis A. Kin | CSR: K. Logan, CSR 12608 via LA CourtConnect |
| Judicial Assistant: M. Mort | ERM: None |
| Courtroom Assistant: M. Rodriguez | Deputy Sheriff: None |

---

691 ("Mejia") and Maldonado v. Fast Auto Loans, Inc. (2021) 60 Cal.App.5th 710 ("Maldonado"), which both involved public injunctive relief. In Mejia, the Court of Appeal found that a prayer for a motorcycle dealership to cease "selling motor vehicles in the state of California without first providing the consumer with all disclosures mandated by Civil Code [section] 2982 in a single document" constitutes public injunctive relief under McGill. (Mejia, 54 Cal.App.5th at 703.) In Maldonado, the Court of Appeal found that, in a putative class action against a lender purportedly charging unconscionable interest rates, the plaintiffs' prayer for an injunction requiring the lender to "stop charging unlawful interest rates and adopt 'corrective advertising'" constituted public injunctive relief. (Maldonado, 60 Cal.App.5th at 721.) The Maldonado court reasoned that the relief sought "encompasses all consumers and members of the public" because the plaintiffs sought to enjoin the lender "from harming other consumers in future contracts from outrageous interest rates." (Ibid.)

Consequently, the Mejia and Maldonado courts found the McGill rule barred enforcement of the arbitration agreement with respect to the plaintiffs' claims. Indeed, despite arguments that the pleadings in those cases sought private injunctive relief because they were directed toward a limited group of individuals—i.e., purchasers of motorcycles from a specified dealership (as in Mejia) or toward individuals who would borrow from a specified lender (as in Maldonado)—the Court of Appeal found that the plaintiffs sought public injunctive relief because their allegations and prayers for relief were asserted for the benefit of the general public. (Mejia, 54 Cal.App.5th at 702-03; Maldonado, 60 Cal.App.5th at 720-22.)

The same holds true here. The arbitrator recognized Sznitko's requested injunctive relief was "directed at existing and future delivery customers of Grubhub" (Horth-Neubert Decl. ¶ 4 & Ex. C at 10), but erred in finding such relief would not be for the public's benefit. This misunderstands how false and deceptive advertising works. Certainly, those who succumb to false advertising and become actual customers constitute a more limited class of persons who were harmed by false advertising and might desire an injunction that would put an end to such deceptive practices. But the general public also benefits from such an injunction—arguably, even more so—because such injunctive relief might serve to prevent such members of the public from being lured in as customers harmed by the false advertising in the first place. Whether making full disclosure to potential purchasers of a motorcycle (Mejia), refraining from charging unlawful interest rates and issuing accurate advertising to would-be borrowers (Maldonado), or fully disclosing allegedly hidden charges to persons contemplating whether to order food for delivery (this case), such court-ordered relief surely benefits the general public by acting to prevent harm to a member of the public before she becomes a deceived customer. (McGill, 2 Cal.5th at 955 ["[P]ublic injunctive relief . . . is relief that has the primary purpose and effect of prohibiting

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 72

| | |
|---|---|
| **22STCP01060** | August 11, 2022 |
| **GRUBHUB INC. vs DENISE SZNITKO** | 9:30 AM |

| | |
|---|---|
| Judge: Honorable Curtis A. Kin | CSR: K. Logan, CSR 12608 via LA CourtConnect |
| Judicial Assistant: M. Mort | ERM: None |
| Courtroom Assistant: M. Rodriguez | Deputy Sheriff: None |

---

unlawful acts that threaten injury to the general public"].)

In finding otherwise, the arbitrator erred. Notably, the arbitrator cited only one case interpreting the McGill rule, which was decided by the U.S. Court of Appeal for the Ninth Circuit—Hodges v. Comcast Cable Communications (9th Cir 2021) 12 F.4th 1108. (See Horth-Neubert Decl. ¶ 4 & Ex. C at 9-10.) To be sure, the Ninth Circuit criticizes Mejia and Maldonado as "mistaken" and advancing a "flawed analysis" of the rule in McGill, but this Court is bound by Mejia and Maldonado. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455 ["Decisions of every division of the District Courts of Appeal are binding upon all the justice and municipal courts and upon all the superior courts of this state, and this is so whether or not the superior court is acting as a trial or appellate court"].) By contrast, the Hodges decision is merely persuasive authority for this Court. (See Qualified Patients Ass'n v. City of Anaheim (2010) 187 Cal.App.4th 734, 764 [lower federal court cases are not binding].)

In any event, this Court is not persuaded by Hodges. Moreover, notwithstanding Hodges' criticism of Mejia and Maldonado, a careful read of that decision supports a finding that Sznitko's class complaint seeks public injunctive relief. Hodges involved cable subscribers seeking an injunction to prevent their cable company from collecting information about the subscribers' viewing activity and other personal demographic data without permission and requiring the company to notify its subscribers when collecting such data, to allow its subscribers access to review any such collected data, and to destroy such data acquired without its subscribers' permission. (Hodges, 21 F.4th at 538, 548-549.) That injunctive relief clearly would be for the benefit of a limited class of persons, i.e., the companies' cable subscribers. It is thus hardly surprising the Hodges court found the injunctive relief not to constitute public injunctive relief for purposes of the McGill rule. (See McGill, 2 Cal.5th at 955 ["Relief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief"].) By contrast, here, Sznitko seeks to prevent Grubhub from purportedly misrepresenting fees on his application and website, from allegedly secretly marking up fees, and from engaging in deceptive advertising—injunctive relief that would inure to the benefit of any member of the public deciding at the point-of-sale whether to order food for delivery from Grubhub.

For the foregoing reasons, the Court concludes the arbitrator erred in finding that the arbitration agreement here was enforceable in its entirety. The arbitrator thus exceeded her authority, and the Court must vacate the award. (CCP § 1286.2(a)(4) ["[T]he court shall vacate the award if the court determines . . . [t]he arbitrators exceeded their powers . . ."].)

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 72

**22STCP01060**  August 11, 2022
**GRUBHUB INC. vs DENISE SZNITKO**  9:30 AM

Judge: Honorable Curtis A. Kin   CSR: K. Logan, CSR 12608 via LA CourtConnect
Judicial Assistant: M. Mort   ERM: None
Courtroom Assistant: M. Rodriguez   Deputy Sheriff: None

---

As for what happens next, the parties in their supplemental briefs both contend the Court cannot and should not correct the award. The Court agrees. As for their alternative suggestions, the Court declines to do either. Grubhub asks this Court to remand this matter back to the Arbitrator pursuant to CCP § 1287. While section 1287 provides that the Court "may order a rehearing" before an arbitrator in the event the Court vacates an award, it would be inappropriate to do so where, as here, there has been no prior finding by this Court whether this matter is arbitrable, in whole or in part. Rather, the underlying arbitration as to whether the parties' dispute is arbitrable was undertaken pursuant to an agreement and stipulation by the parties. Likewise, the Court declines to take up Sznitko's suggestion that it should determine, in light of the Court's finding regarding public injunctive relief above, whether the entire agreement to arbitrate is unenforceable or whether the unenforceable provisions of the agreement may be severed. Notably, it is not altogether clear this Court is empowered to make that determination, and, indeed, both parties in the not-so-distant-past agreed the determination should be made by the arbitrator. (See (Horth-Neubert Decl. ¶ 4 & Ex. C at 6 [noting parties' agreement that, if the arbitration agreement violates the McGill rule, the arbitrator would then determine "whether the arbitration agreement is unenforceable with regard to the entirety of Sznitko's Claims (i.e., can the Claims be severed if the arbitration is found to violate the McGill Rule because it is determined that Sznitko's request for injunctive relief qualifies as public injunctive relief"]).

Accordingly, the Court limits its decision to the only matter properly before it at this time, namely, Petitioner Grubhub, Inc.'s Petition to Confirm Final Arbitration. For the reasons set forth above, the Petition is DENIED, and the award is accordingly VACATED.

---

The matter is argued and the tentative ruling becomes the order of the Court.

The Petition to Confirm Arbitration Award filed by Grubhub Inc. on 03/23/2022 is Denied.

Notice is waived.