# EXHIBIT 2

# AMERICAN ARBITRATION ASSOCIATION
# Consumer Arbitration Panel

In the Matter of the Arbitration Between:

Denise Sznitko,

                                                            *Claimant*

- vs. -

Grubhub, Inc.,

                                                          *Respondent*

AAA Case No. 01-21-0003-6404

## ORDER NO. 3

### RULING ON GRUBHUB, INC.'S DISPOSITIVE MOTION FOR JUDGMENT

      A duly noticed hearing was held on December 6, 2021, via video conference, before Rebecca Callahan, Arbitrator. Stacy Horth-Neubert and Farrah Vasquez, of Sidley Austin LLP, appeared as counsel for Respondent and moving party Grubhub, Inc. ("Grubhub" or "Respondent"). Sophia Gold, of Kaliel Gold PLLC appeared as counsel for Claimant and responding party Denise Sznitko ("Sznitko" or "Claimant"). Also present was Paula Richter, a certified court reporter with Veritext, who transcribed the proceedings.

      The undersigned Arbitrator, having been designated in accordance with the parties' agreement, having been duly sworn, and having examined and considered the submissions, proofs, allegations, evidence, and arguments of the parties with regard to the Motion for Judgment ("Motion") filed by Respondent Grubhub, Inc. ("Respondent" or "Grubhub") hereby finds, concludes and rules as follows:

1. **Procedural Background**

On February 9, 2021, Claimant Denise Sznitko ("Claimant" or "Sznitko") filed a putative class action complaint in the Los Angeles County Superior Court, Case No. 21STCV05078 (the "State Court Action"), alleging that Grubhub had unlawfully charged hidden food delivery fees. *See, Stipulation Regarding Which Claims are the Subject of Claimant's Arbitrability Objections ("Stipulation").*

In her complaint, Sznitko asserted three claims for relief: (1) violation of California's Unfair Competition Law ("UCL") / California Business and Professions Code Section 17200, et seq.; (2) violation of California's Consumers Legal Remedies Act ("CLRA") / California Civil Code Section 1750, et seq.; and (3) violation of California's False Advertising Law ("FAL") / California Business and Professions Code Section 17500, et seq. ("Claims"). *See, Stipulation, Exhibit A.*

As relief for the alleged violation of the UCL, Claimant sought an order enjoining Grubhub from charging the alleged hidden delivery fees, compensatory damages, disgorgement of unjust profits and restitution. *See, Stipulation, Exhibit A, ¶¶ 92-94.*

As relief for the alleged violation of the CLRA, Claimant sought injunctive and equitable relief for the alleged hidden delivery fees, including restitution and disgorgement, and reserved its right to pursue claims for actual, punitive and statutory damages as might be appropriate. *See, Stipulation, Exhibit A, ¶¶ 101-102.*

As relief for the alleged violation of the FAL, Claimant sought an order "enjoining [Grubhub] from continuing to engage, use, or employ their practice of misrepresenting their delivery fees," as well as "restitution of the money wrongfully acquired by [Grubhub] by means of said misrepresentations," and attorney's fees pursuant to California Civil Code Section 1021.5. *See, Stipulation, Exhibit A, ¶¶ 107-109.*

The putative class for whom Sznitko was complaining was described as Grubhub customers in California like herself "who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Grubhub mobile app or website, and were assessed higher delivery charges than represented." *See, Stipulation, Exhibit A, ¶ 68.*

In addition to the above relief, Sznitko – through the Claims – purported to seek injunctive relief on behalf of the "general public" to enjoin Grubhub from:

- continuing the allegedly "unfair, unlawful, and fraudulent practices" of "misrepresenting <u>on its website and mobile app</u> that it provides a flat, low-cost delivery fee for food orders, when, in reality it allegedly hides delivery charges through hidden food markup <u>applied exclusively to delivery orders</u> and through the assessment of an elusive 'service fee' exclusively charged to <u>delivery customers.</u>" *See, Stipulation, Exhibit A, ¶¶ 84, 94 [emphasis added].*

- "continuing to engage in [the] deceptive and illegal practices" of "advertis[ing] <u>to customers</u> that the charge for us [sic] use of its delivery services [is] represented by the 'Delivery Fee' disclosed" when Grubhub allegedly "(1) … secretly mark[s] up food items <u>applied exclusively for delivery orders</u> [sic] and (2) "… covertly app[lies] a 'Service Charge.' *See, Stipulation, Exhibit A, ¶¶ 98, 100-101 and 107 [emphasis added].*

On March 12, 2021, Grubhub removed the State Court Action to the United States District Court for the Central District of California, as Case No. 2:21-cv-02260 (the "Federal Court Action"). *See, Stipulation, p. 2.*

On April 19, 2021, Grubhub filed a motion in the Federal Court Action seeking an order compelling Sznitko to arbitrate all of her asserted claims on an individual basis. *See, Stipulation, p. 2.*

On April 27, 2021, prior to responding to Grubhub's motion to compel, Sznitko filed a notice of voluntary dismissal without prejudice in the Federal Court Action. *See, Stipulation, p. 2.*

On April 28, 2021, Claimant commenced this arbitration by filing a demand for arbitration with the American Arbitration Association ("the AAA"), in which Claimant sought "a ruling that Grubhub, Inc.'s Arbitration Agreement is unenforceable and that no valid agreement to arbitrate was ever formed" (the "Demand").[1]

---

[1] Sznitko has since dropped her challenge to the existence of a pre-dispute agreement to arbitrate through her use of the Grubhub website and/or mobile application, subject to its posted Terms of Use. *Reporters Transcript, p. 6-7.*

On August 10, 2021, a preliminary hearing was held in this arbitration. At that hearing, the parties, through their respective counsel, acknowledged that the Demand does not assert any claims for relief against Grubhub. According to the parties' counsel, the parties were in agreement that the Claims, as originally asserted in the State Court Action discussed above, are the subject of Claimant's challenge to the enforceability of the binding arbitration provisions included in the Jan TOU, discussed below. *Order No. 1, ¶ 2.6.* In accordance with Order No. 1, the parties submitted the Stipulation, making it clear that the claims which are the subject of Claimant's challenge to the enforceability of the aforementioned arbitration provisions are those which were pending before the District Court in the Federal Court Action at the time Grubhub's motion to compel arbitration was filed. *Order No. 1, ¶ 2.7.*

The parties, through their respective counsel, represented and agreed that the dispute concerning the enforceability of Grubhub's arbitration agreement should be (a) delegated to the Arbitrator in this arbitration for determination, and (b) resolved by a dispositive motion (the "Motion"). *See, Order No. 1.*

The parties, through their respective counsel, provided the Arbitrator with written position papers, declarations, exhibits and copies of the legal authorities they believed had bearing on the submitted matters. The Arbitrator has read and considered all of those materials.

On December 6, 2021, a hearing was held for the purpose of providing the parties' counsel with an opportunity to present oral argument – pro and con – with respect to the Motion. The Arbitrator has considered those arguments and reviewed the reporter's transcript of the hearing proceedings.

### 2. Arbitral Jurisdiction

In support of the Motion, Grubhub has submitted the declaration of Thomas J. Koreis ("Koreis"), which provides evidence related to the arbitration agreement between the parties.

When a customer creates an account with Grubhub (whether via the mobile app or the website), he/she is required to consent to its Terms of Use. *See Koreis Declaration, ¶ 4.* Additionally, each time a customer places an order (whether pick-up or delivery, and whether via the mobile app or the website), a customer must agree to Grubhub's Terms of Use ("TOU") as then posted. *Id.*

4

The parties agreed, through their respective counsel, that the version of the Grubhub TOU applicable to this matter is that which was posted as of January 1, 2020 ("the Jan TOU").

Sznitko placed 46 orders on Grubhub between November 2, 2018 and November 24, 2020 using an account in her name. *See Koreis Declaration, ¶ 14; Sznitko Declaration, ¶¶ 3 and 4.*

The parties agreed, through their respective counsel, that the Jan TOU are the TOU's relevant to this matter. *RT p. 12, 20.* The Jan TOU contains a "Dispute Resolution" section that provides for binding arbitration, as set forth in Section XXII:

> "You agree that all claims, disputes, or disagreements that may arise out of the interpretation or performance of this Agreement or payments by or to Grubhub, or that in any way relate to your use of the Platform, the Materials, the Services, and/or other content on the Platform or any other dispute with Grubhub, shall be submitted exclusively to binding arbitration, except that each party retains the right to bring an individual action in small claims court for disputes and actions within the scope of such court's jurisdiction and the right to seek injunctive or other equitable in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation, or violation of a party's copyrights, trademarks, trade secrets, patents, or other intellectual property rights…. You further acknowledge and agree that you waive your right to participate as a plaintiff or class member in any purported class action or representative proceeding. Further, unless both you and Grubhub otherwise agree in writing, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of any class or representative proceeding. If this class action waiver is held unenforceable, then the entirety of this "Dispute Resolution" section will be deemed void…."

*See, Koreis Declaration, Exhibit G, p. 14, § XXII(I).*

As presented to the Arbitrator based on Sznitko's Demand, Grubhub's Motion, and the representations of the parties' counsel at the preliminary hearing, this matter concerns a dispute between the parties regarding the proper interpretation of the arbitration provisions included in the "Dispute Resolution" section of the Agreement, quoted above. Sznitko is not contesting that she entered into an agreement to arbitrate with Grubhub, nor is she contesting that her claims fall within the scope of that

5

arbitration agreement. *Reporter's Transcript, pp. 6-7, 15-16.* The issues presented for determination are (a) whether the arbitration agreement contained in the Jan TOU violates the *McGill* Rule, established by the California Supreme Court's decision in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017) ("*McGill*"), and, if it does, (b) whether the arbitration agreement is unenforceable with regard to the entirety of Sznitko's Claims (i.e., can the Claims be severed if the arbitration agreement is found to violate the *McGill* Rule because it is determined that Sznitko's request for injunctive relief qualifies as *public* injunctive relief).

Based upon the foregoing, as well as the appearances and submissions made by the parties during the course of the hearing on the Motion, the proceedings leading up to the hearing on the Motion, including Claimant's submission of her demand, and the submissions made to the Arbitrator during the course of this arbitration, all without objection to the Arbitrator's jurisdiction, it is the Arbitrator's determination that the submitted issues and relief requested are subject to and were submitted voluntarily to binding arbitration.

### 3.    Undisputed Facts

As discussed above, the parties submitted declarations and exhibits in support of their respective position papers. Neither party offered or sought to offer any rebuttal or impeachment evidence with regard to the factual averments in the other's papers.

Grubhub is an online and mobile platform for restaurant pickup and delivery orders. Through its website and mobile application, Grubhub connects its customers to over 300,000 restaurants. *See Koreis Declaration, ¶ 3.*

In order to use Grubhub's platform to place orders, Grubhub requires its customers to agree to its Terms of Use during their account sign-up and each time they place an order using the Grubhub website or mobile application. Sznitko was one such customer, and placed orders using the Grubhub platform between November 2018 and November 2020. *See Koreis Declaration, ¶¶ 3 and 14; Sznitko Declaration, ¶¶ 3 and 4.*

The Terms of Use applicable to Sznitko's transactions with Grubhub are those posted on the Grubhub website effective January 1, 2020 ("the Jan TOU"). *See, Reporter's Transcript, p. 13.*

As quoted above, the Jan TOU contains a "Dispute Resolution" section that requires binding arbitration of "all claims, disputes, or disagreements." ("the Arbitration Clause"). *See, Koreis Declaration, Exhibit G, p. 14, § XXII(I).*

Sznitko does not contest that the Arbitration Provision requires arbitration of her Claims. *See, Reporter's Transcript, p. 14.*

The Arbitration Clause contains a section captioned "Arbitration and Class Action Waiver," quoted in Section 2, above. That section includes a waiver by Sznitko of any right she might have "to participate as a plaintiff or class member in any purported class action or representative proceeding (the "Class Action Waiver Provision"). *See, Koreis Declaration, Exhibit G, p. 14, § XXII(I).*

The Arbitration Clause also contains a section captioned "Arbitrator's Decision," which provides that that arbitrator "may award declaratory or injunctive relief only in favor of the claimant and only to the extent necessary to provide the relief warranted by the claimant's individual claim" (the "Scope of Arbitrator Authority Provision"). *See, Koreis Declaration, Exhibit G, p. 15, § XXII(V).*

Sznitko contends that the Arbitration Clause is unenforceable because it forces Sznitko to waive her right to seek public injunctive relief in any forum and thus violates the *McGill* Rule. *Reporter's Transcript, pp. 15-16.*

If it is determined that the Arbitration Clause violates the *McGill* Rule, the parties agree that the second issue submitted for decision in this matter is whether or not severance is available. In connection with that issue, Sznitko contends that severance is not available because, if the Class Action Waiver Provision is held to be unenforceable because it violates the *McGill* Rule, the entire Arbitration Clause is "void" as a result of the "poison pill" language included in Section XXII(I), quoted above. *See, Reporter's Transcript, pp. 14-16 and 21-22.*

### 3.    Decision

The focus of the dispute in this arbitration is on the validity (or invalidity) of the Arbitration Clause contained in Grubhub's Jan TOU. If the Arbitration Clause is valid, then the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.) (the "FAA"), requires that the agreement to arbitrate be enforced with regard to the Claims.

7

Sznitko has argued that the Class Action Waiver Provision, read in conjunction with the Scope of Arbitrator Authority Provision, violates California law because it prohibits her from seeking public injunctive relief in any forum. Grubhub disagrees, and contends that the injunctive relief sought by Sznitko – as stated in her Claims - must be characterized as private injunctive relief, which she can pursue on an individual basis in arbitration, along with the other relief requested in the Claims, without violating the *McGill* Rule.

If Sznitko is correct that the Class Action Waiver / Scope of Arbitrator Authority Provisions violate the *McGill* Rule, the follow-on argument by Sznitko is that the Arbitration Clause must self-destruct because the Class Action Waiver Provision includes a "poison pill" clause that renders the entire Arbitration Clause "void," leaving no arbitration right or obligation on the part of either party. Grubhub disagrees, and has argued that if the Class Action Waiver / Scope of Arbitrator Authority Provisions are construed as violating the *McGill* Rule, the severance provisions of Section XXII of the Jan TOU should be applied and construed so that the Class Action Waiver / Scope of Arbitrator Authority Provisions are (a) severed and made inapplicable to Sznitko's request for public injunctive relief, and (b) enforced with regard to the balance of Sznitko's Claims.

In *McGill*, the California Supreme Court held that no one can contractually waive all rights to seek public injunctive relief; that such waivers are unenforceable as a matter of California law.[2] 2 Cal. 5th at 962; see *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 830–31 (9th Cir. 2019) (holding that the FAA does not preempt the *McGill* rule). The UCL, FAL, and CLRA all authorize public injunctive relief. Cal. Bus. & Prof. Code §§ 17203, 17535; Cal. Civ. Code § 1780(a)(2); *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal.4th 303 (2003). Thus, any contractual provision purporting to waive the right to seek public injunctive relief in any forum is unenforceable. *McGill*, 2 Cal. 5th at 962; see *Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 934–35 (9th Cir. 2013).

Grubhub's Arbitration Clause requires the parties to submit "*all* claims, disputes, or disagreements … exclusively to binding arbitration," and contains a Class Action Waiver Provision. [Emphasis added.] Additionally, through the Scope of Arbitrator Authority Provision, the Arbitration Clause limits the type of injunctive relief that may be awarded in arbitration to "*only* … the claimant and only to the extent necessary to provide the relief warranted by that party's individual claim." [Emphasis added.] *See,*

---

[2] "'[A] law established for a public reason cannot be contravened by a private agreement' … is a generally applicable contract defense, i.e., it is a ground under California law for revoking any contract." 2 Cal. 5th at 962, citing Cal. Civ. Code, § 3513 and *Little v Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1079 (2003).

*Koreis Declaration, Exhibit G, p. 14, § XXII(V).* By precluding injunctive relief benefitting anyone other than the individual claimant, the Arbitration Clause – at least theoretically - prevents Sznitko from seeking public injunctive relief in any forum.

The question is whether Grubhub's enforcement of its Arbitration Clause – with the Class Action Waiver and Scope of Arbitrator Authority Provisions – violates the *McGill* Rule in the context of the Claims actually asserted by Sznitko. As explained by the Ninth Circuit in *Hodges v. Comcast Cable Communications, LLC*, 12 F.4th 1108, 1114-1115 (9th Cir. 2021) ("*Hodges*"), this inquiry is not to be a theoretical exercise that looks only at the language of the arbitration agreement in question. Rather, the inquiry must evaluate the language of the arbitration agreement in question in the context of the claims and requests for relief actually asserted. *Hodges,* supra, 12 F.4th at 1112-1113. As applied to this case, the question is whether or not the injunctive relief Sznitko has asked for through her Claims qualifies as public injunctive relief. If it does not qualify, then the *McGill* Rule is inapplicable to this case. If it does qualify, then the issue is whether the entire Arbitration Clause is invalidated or whether the request for public injunctive relief can be severed so that the balance of Sznitko's Claims and requests for relief are subject to arbitration.

The Ninth Circuit's decision in *Hodges* is instructive with regard to what qualifies as public injunctive relief in the context of seeking to invalidate and thus deny enforcement of an agreement to arbitrate because it relies heavily on the California Supreme Court's decision in *McGill.* The Ninth Circuit in *Hodges* noted that the California Supreme Court had explained in *McGill* that, "in contrast to private injunctive relief, which provides benefits 'to an individual plaintiff – or to a *group of individuals similarly situated* to the plaintiff,' public injunctive relief involves diffuse benefits to the 'general public' as a whole, and the general public 'fails to meet' the class-action requirement of 'an ascertainable class.'" 12 F.4th at 1114. From this, the Ninth Circuit held that "[i]t follows that public injunctive relief within the meaning of *McGill* is limited to forward-looking injunctions that seek to prevent future violations of law for the benefit of the general public as a whole, as opposed to a particular class of persons, and that do so without the need to consider the individual claims of any non-party." *Id. at 1115.*

In *Hodges*, the Ninth Circuit concluded that the requested relief was *private* injunctive relief because it would "benefit only Comcast 'cable subscribers.'" 12 F.4th at 1121. Although the requested injunction applied to Comcast's dealings with future customers and therefore could be said to benefit the general public in the form of those persons considering entering into a transaction with Comcast, that was insufficient to transform what the court viewed as private relief into public relief; that relief that

9

incidentally benefits the general public is "not enough to classify that relief as non-waivable public injunctive relief within the meaning of the *McGill* Rule." *Id.*

Sznitko's requested relief suffers from the same flaw as that encountered by the Ninth Circuit in *Hodges.* Sznitko seeks an injunction requiring Grubhub to stop making alleged misrepresentations on its website and mobile application about the fees charged to *delivery customers*, and to stop engaging in alleged deceptive advertising to prospective customers about the fees charged for *delivery orders*. *See, Stipulation, Exhibit A, ¶¶ 84, 94, 98, 100-101 and 107.* While Grubhub's dealings with future delivery customers might qualify as a benefit to the general public, that benefit is only incidental. The primary benefit sought by Sznitko's Claims and her request for what she termed "public injunctive relief" is directed at existing and future *delivery* customers of Grubhub, which is a subset of the general public of California, as well as a subset of Grubhub's total customer base, some of whom do not have their orders delivered. As such, the injunctive relief Sznitko has requested and termed "public injunctive relief" does not qualify as non-waivable public injunctive relief protected by *McGill*. What Sznitko seeks is more appropriately classified as private injunctive relief, the waiver of which is enforceable under *McGill.*

Based upon the foregoing, the Motion is granted, and Claimant's request that the arbitration agreement included in Grubhub's Jan TOU be declared unenforceable with respect to Claimant's Claims is denied. For the reasons stated above, the Class Action Waiver / Scope of Arbitrator Authority Provisions of the Arbitration Clause do not violate the *McGill* Rule. Accordingly, the agreement to arbitrate, and the companion waiver of Sznitko's right to participate as a plaintiff or class member in any purported class action or representative proceeding and the limitation on her right to receive injunctive relief beyond that which is available on her individual Claims is enforceable.

DATED:  30 December 2021.

Rebecca Callahan, Arbitrator